**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES GILBERT,<br><br> Plaintiff,<br><br> v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, *et. al.*,<br><br> Defendants. | No. 25cv6111 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

 *Pro se* Plaintiff Charles Gilbert, a New Jersey state prisoner at South Woods State Prison in Bridgeton, New Jersey, filed a civil rights complaint. D.E. 1 ("Complaint"). He brings his claims under 42 U.S.C. § 1983 and New Jersey tort law alleging that Defendants subjected him to misuse of force, denial of due process, and unconstitutional conditions of confinement. *Id.* Gilbert also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-2 ("IFP Application").

 Pursuant to 28 U.S.C. § 1915(a):

 (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

 (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy* of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, *obtained from the appropriate official of each prison at which the prisoner is or was confined.*

(emphasis added). Although Plaintiff's IFP Application contains an inmate trust account statement, it is deficient because it has not been certified by the appropriate prison official.

Because Plaintiff has not satisfied the requirements for IFP status under 28 U.S.C. § 1915(a), nor has he paid the appropriate filing fee for commencing a civil action in this court, *see* L. Civ. R. 54.3(a), his action cannot proceed. The Court will provide him **30 days** to do either of these two. Accordingly,

**IT IS**, on this 7th day of October 2025,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-2, is **DENIED *without prejudice***; and it is further

**ORDERED** the Clerk shall **ADMINISTRATIVELY TERMINATE** this action due to Plaintiff's failure to satisfy the filing fee requirement or alternatively submit a properly completed IFP application; and it is further

**ORDERED** that if Plaintiff wishes to reopen this action he shall either: (1) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C. § 1914(a) and District of New Jersey Local Civil Rules, Appendix K; or (2) submit a properly completed IFP application under 28 U.S.C. § 1915(a) within **30 days** of entry of this Order; and it is further

**ORDERED** that the Clerk shall supply to Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" DNJ-Pro Se-007-A-(Rev.12/2023); and it is further

**ORDERED** that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within **30 days** from the date of entry of this Order. Plaintiff shall include either the $405 filing fees or his properly completed IFP application in his mailing; and it is finally

**ORDERED** that the Clerk shall send a copy of this Order to Plaintiff by regular mail.

_____
Evelyn Padin, U.S.D.J.