**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLES GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | No. 25cv6111 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Charles Gilbert filed this civil rights action under 42 U.S.C. § 1983 and New Jersey tort law against the New Jersey Department of Corrections, Southwoods State Prison, and several individual defendants (collectively, "Defendants"), alleging excessive force, violations of due process, unconstitutional conditions of confinement, denial of access to the courts, and interference with his religious practices. D.E. 1 ("Complaint" or "Compl.").

**I. ANALYSIS**

Along with his Complaint, which was filed on May 28, 2025, Plaintiff submitted an *in forma pauperis* ("IFP") application. D.E. 1-2 ("IFP Application"). On October 7, 2025, the Court denied the IFP Application because Plaintiff's inmate trust account statement was not certified by the appropriate prison official pursuant to 28 U.S.C. § 1915(a)(2) and he did not pay the requisite filing fee. D.E. 3. As a result, the Court administratively terminated this matter. *Id.* On November 20, 2025, Plaintiff submitted an Affidavit of Poverty and Account Certification. D.E. 4. On December 9, 2025, the Court granted Plaintiff's request for an extension of time and directed him to submit a properly completed IFP Application within forty-

five days. D.E. 6. On January 14, 2026, Plaintiff submitted another Affidavit of Poverty and Account Certification D.E. 7 ("Second IFP Application"). Although the Second IFP Application contains the proper certification by a prison official, the account statement only covers March 1, 2025, through November 28, 2025, which does not encompass the entire six-month period preceding the filing of Plaintiff's complaint as required by § 1915(a)(2). *Id.* at 3–9.

However, it appears that Plaintiff was released from prison on June 4, 2026. *See N.J. Dep't of Corr., Offender Search*, https://www-doc.state.nj.us/DOC_Inmate/inmatefinder?i=I (last visited Oct. 22, 2026). Because Plaintiff's circumstances have changed, the Court will **DENY** the Second IFP Application ***without prejudice*** and directs Plaintiff to submit a non-prisoner IFP application.

## II. CONCLUSION AND ORDER

Accordingly,

**IT IS** on this **16th** day of November, 2026,

**ORDERED** that the Clerk of the Court shall **REOPEN** this matter for consideration of Plaintiff's Second IFP Application, D.E. 7; and it is further

**ORDERED** that the Second IFP Application, D.E. 7, is **DENIED *without prejudice***; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a blank non-prisoner application to proceed *in forma pauperis*, AO 239 (Rev. 01/15); and it is further

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this matter due to Plaintiff's change of circumstances; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building and U.S. Courthouse,

50 Walnut Street, Newark, New Jersey 07102, within **30 days** of the date of entry of this Order; Plaintiff's writing shall include either: (1) a complete, signed non-prisoner *in forma pauperis* application, or (2) the $405 fee including the $350 filing fee plus the $55 administrative fee; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.